Yuri Mikulka (SBN 185926)
E-mail: YMikulka@manatt.com
Caleb Bean (SBN 299751)
E-mail: CBean@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
695 Town Center Drive, 14th Floor
Costa Mesa, CA 92626
Telephone: (714) 371-2500
Facsimile: (714) 371-2550

Robert Becker (SBN 160648)
E-mail: RBecker@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
1 Embarcadero Center, 30th Floor
San Francisco, CA 94111
Telephone: (415) 291-7400
Facsimile: (415) 291-7474

Attorneys for Plaintiffs
Blackmagic Design Pty. Ltd.; Blackmagic Design Technology Inc.; and Blackmagic Design Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BLACKMAGIC DESIGN PTY. LTD.; BLACKMAGIC DESIGN TECHNOLOGY INC.; AND BLACKMAGIC DESIGN INC., <br><br> Plaintiffs, <br><br> v. <br><br> GOPRO, INC., <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, COMMON LAW TRADEMARK INFRINGEMENT, STATE UNFAIR BUSINESS PRACTICES, FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN, AND UNJUST ENRICHMENT** <br><br> **[DEMAND FOR JURY TRIAL]** |

Plaintiffs Blackmagic Design Pty. Ltd.; Blackmagic Design Technology Inc.; and Blackmagic Design Inc. (collectively, "Plaintiffs" or "Blackmagic") complains and alleges as follows against Defendant GoPro, Inc. ("Defendant" or "GoPro"):

## THE PARTIES

1. Blackmagic Design Pty. Ltd. is an Australian proprietary limited company with its principal place of business located at 11 Gateway Court, Port Melbourne VIC 3207, Australia.

2. Blackmagic Design Technology Inc. is a Canadian corporation with its principal place of business located at 2175 Queen Street East, Suite 301, Toronto, Ontario M4E 1E5, Canada. Blackmagic Design Technology Inc. is the owner of the FUSION® trademark (the "Blackmagic Trademark").

3. Blackmagic Design Inc. is a California corporation with its principal place of business located at 2875 Bayview Drive, Fremont, California 94538, United States.

4. On information and belief, GoPro is a Delaware corporation with its principal place of business located at 3000 Clearview Way, San Mateo, CA 94402, United States. On information and belief, GoPro uses identical and/or confusingly similar marks as the Blackmagic Trademark throughout the United States without the consent or agreement of Blackmagic. On information and belief, GoPro markets, offers for sale, sells, and otherwise uses identical and/or confusingly similar marks as the Blackmagic Trademark in connection with, among other products and packaging, its camera and video technology and accessories, which likely causes confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of GoPro's products.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (any Act of Congress relating to trademarks); 28 U.S.C. § 1338(b)

(action asserting claim of unfair competition joined with a substantial and related claim under the trademark laws); and 28 U.S.C. § 1367 (supplemental jurisdiction).

6. This Court has personal jurisdiction over GoPro because it maintains its principal place of business within this District, has committed and continues to commit acts of infringement in violation of 15 U.S.C. §§ 1114 and 1125, and places infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of California, including in this District. The acts by GoPro cause injury to Blackmagic within this District. On information and belief, GoPro derives substantial revenue from the sale of infringing products within this District, expects its actions to have consequences within this District, and derives substantial revenue from interstate and international commerce.

7. Venue is proper within this District under 28 U.S.C. § 1391(b)–(d) because GoPro transacts business within this District and offers for sale in this District products that infringe the Blackmagic Trademark. Additionally, venue is proper because GoPro's principal place of business is in this District and Blackmagic suffered harm by Go Pro's activities in this District. Moreover, a substantial part of the events giving rise to the claim occurred in this District.

**INTRADISTRICT ASSIGNMENT**

8. Pursuant to Local Rule 3-2(c), Intellectual Property Actions are assigned on a district-wide basis.

**BLACKMAGIC TRADEMARK**

9. Blackmagic has devoted substantial time and resources marketing and promoting its FUSION®–branded video technology. Indeed, Blackmagic and its predecessor have continuously and extensively promoted, marketed, offered for sale, and sold their goods and services in interstate commerce under the Blackmagic Trademark, FUSION®, for over ten years. Blackmagic's brand, including the Blackmagic Trademark, has gained substantial recognition in the marketplace

around the world over that time.

10. Blackmagic has protectable trademark rights in its Blackmagic Trademark, which is used in connection with its video technology. The Blackmagic Trademark has been assigned to and/or is owned by Blackmagic Design Technology Inc.

11. U.S. Registration No. 3,243,949 covers the FUSION® trademark. Attached hereto as **Exhibit 1** is a true and correct copy of the Registration Certificate for U.S. Registration No. 3,243,949.

12. As a result of Blackmagic's and its predecessors' continuous and extensive use over the past 10 years, the Blackmagic Trademark has become incontestable.

13. Blackmagic's continuous and extensive promotions, offers, and sales of its goods and services using the Blackmagic Trademark have caused consumers to associate the Blackmagic Trademark with Blackmagic's market-leading products and services, including its video technology. Such market-leading technology includes the popular FUSION® 9 video technology, which is used for Hollywood blockbuster movies and television shows as well as for amateur, at-home, and other videos. Numerous online videos provide tutorials showing how to use Blackmagic's FUSION® 9 video technology: https://www.youtube.com/results?search_query=blackmagic+fusion.

14. For over 25 years, Blackmagic's video technology has been promoted, offered for sale, and sold at popular industry trade shows. GoPro attends many of these same trade shows and promotes many products that compete directly or indirectly with Blackmagic's products. Blackmagic's FUSION®-branded video technology has even been downloaded by numerous individuals using GoPro email addresses. At least through these downloads and use of Blackmagic's FUSION®-branded video technology, GoPro's communications with Blackmagic, and Blackmagic's letter requesting that GoPro cease and desist using "Fusion," GoPro

knew of the Blackmagic Trademark and intended to, without authorization, trade upon the goodwill and reputation associated with Blackmagic and the Blackmagic Trademark.

15. After more than 10 years of promoting, offering, selling, and investing time and resources in the protection and marketing of the Blackmagic Trademark, the Blackmagic Trademark has become well-known to consumers and is one of Blackmagic's most important assets. The Blackmagic Trademark immediately distinguishes Blackmagic's goods and services from those provided by others while concomitantly signaling to consumers that any goods and services provided under the Blackmagic Trademark originate from a well-respected innovator that provides only the highest-quality video technology.

**GOPRO'S INFRINGEMENT OF THE BLACKMAGIC TRADEMARK**

16. Without the consent or authorization of Blackmagic, GoPro has used and continues to use identical and/or confusingly similar marks, including, but not limited to: FUSION; FUSION STUDIO; and GOPRO FUSION (collectively, the "Infringing Marks") to promote its cameras, camera and video technology, and accessories, which compete with the goods and services provided by Blackmagic under the Blackmagic Trademark.

17. GoPro's adoption of a trademark that is identical and/or confusingly similar to the Blackmagic Trademark is likely to cause confusion or mistake, or to deceive consumers, purchasers, and others into thinking that GoPro products are Blackmagic products, that GoPro's products include Blackmagic products, and/or that GoPro's products are sponsored by or affiliated with Blackmagic, when they are not. The copying is particularly problematic because the GoPro products are the type of products being purchased by purchasers of Blackmagic products, and consumers are likely to be confused. These consumers are also likely to mistakenly associate GoPro's products with Blackmagic because the GoPro products use the Blackmagic Trademark.

18. On information and belief, GoPro's marketing efforts have been targeted at the same or similar consumers that purchase Blackmagic's products.

19. Of significant concern for Blackmagic is the goodwill among consumers that it has built up through significant investment in the Blackmagic Trademark. Blackmagic's goodwill among consumers is closely tied to the reputation it has built up by marketing, offering for sale, and selling its FUSION®–branded video technology using the Blackmagic Trademark.

20. Without the consent or authorization of Blackmagic, GoPro has marketed, offered for sale, and sold in the United States cameras, camera and video technology, and accessories, which infringe at least the Blackmagic Trademark. GoPro's Fusion camera includes camera and video technology installed by GoPro and sold to consumers. GoPro's Fusion studio product edits videos, photos, and virtual reality content. Attached hereto as **Exhibit 2** is a true and correct copy of an excerpt of GoPro's website captured on October 17, 2017. GoPro's website is substantially the same, including its use of "Fusion," as of the filing of this Complaint.

21. Rather than creatively developing its own trademarks for its camera, camera and video technology, and accessories, GoPro chose to use identical and/or confusingly similar marks as the Blackmagic Trademark.

22. GoPro's Fusion camera is exemplary. The copying is so apparent that GoPro used the exact same mark, "Fusion," to market, offer for sale, and sell its products. To consumers, it is difficult – if not impossible – to distinguish the source of GoPro's products and whether Blackmagic's video technology is incorporated in GoPro's Fusion camera and other products.

23. As another example, GoPro's Fusion studio product copies the Blackmagic Trademark. GoPro markets its Fusion studio product using the tag line "Make magic with your Fusion footage," which is likely to confuse consumers as to the source of GoPro's products and whether Blackmagic's video technology is

incorporated in GoPro's Fusion studio product.

24. GoPro had many options when choosing to name its camera and video-editing technology. However, it chose to use the Blackmagic Trademark for the name of its products. GoPro calls its products "Fusion," without any differentiation from Blackmagic's FUSION® trademark.

25. GoPro's continued use of the Blackmagic Trademark not only allows GoPro to reap the benefits of Blackmagic's investment in its FUSION®–branded video technology, it also threatens to diminish the very important goodwill that Blackmagic has cultivated with its products by using and investing in the Blackmagic Trademark.

26. On information and belief, GoPro's unauthorized use of the Infringing Marks is intended to trade upon the goodwill and reputation associated with Blackmagic and the Blackmagic Trademark.

27. GoPro began using the Infringing Marks after the Blackmagic Trademark was registered.

28. On information and belief, GoPro continued to promote and offer its goods and services using the Infringing Marks despite having reason to know that it was engaging in trademark infringement.

29. Additionally, on information and belief, GoPro intentionally continued using the Infringing Marks even after Blackmagic sent a letter to GoPro on October 31, 2017, in which Blackmagic requested that GoPro stop using the Infringing Marks. As of the filing of this Complaint, GoPro's willful, intentional, and harmful use of the Infringing Marks continues.

30. GoPro's use of the Infringing Marks is willful and calculated to cause mistake or deception as to the source of GoPro's cameras, camera and video technology, and accessories.

31. By virtue of the acts complained of herein, GoPro has injured Blackmagic's business reputation by creating a likelihood that consumers will be

confused or deceived as to the source of the goods and services at issue or believe that a relationship exists between Blackmagic and GoPro when no such relationship exists. By these acts, GoPro competes unfairly with Blackmagic by trading on the consumer recognition associated with the Blackmagic Trademark while simultaneously diminishing the years of work and investment that Blackmagic has invested into the Blackmagic Trademark.

32. At no time has Blackmagic given GoPro a license, permission, or authority to use or display the Blackmagic Trademark in any way.

33. On information and belief, GoPro's acts described above were willful, malicious, and carried out with intent to infringe upon the Blackmagic Trademark, deceive consumers, and unfairly compete with Blackmagic. For example, at least as early as October 31, 2017, GoPro became aware of Blackmagic's concerns regarding GoPro's unauthorized use of the Blackmagic Trademark, but continued using the Infringing Marks.

34. GoPro's acts complained of herein have caused Blackmagic to suffer irreparable injury to its business. Blackmagic has and will continue to suffer substantial loss of goodwill and reputational injury unless and until GoPro is preliminarily and permanently enjoined from its wrongful actions complained of herein.

## FIRST CLAIM FOR RELIEF

**(Federal Trademark Infringement)**

**(15 U.S.C. § 1114)**

35. Blackmagic incorporates and realleges paragraphs 1 through 34 of this Complaint.

36. Blackmagic owns, among other trademarks, a federal trademark registration for FUSION® (U.S. Registration No. 3,243,949) (the "Blackmagic Trademark").

37. GoPro has infringed the Blackmagic Trademark by using the

Infringing Marks to promote, market, offer, and sell GoPro's cameras, camera and video technology, and accessories, including GoPro's Fusion camera, the camera and video technology installed by GoPro on its cameras, and the applications manufactured and/or published by GoPro for editing videos, photos, and virtual reality content.

38. GoPro's use of the Infringing Marks is likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection, or association of GoPro with Blackmagic, or as to the origin, sponsorship, or approval by Blackmagic of GoPro's goods, services, or commercial activities.

39. GoPro's use of the Infringing Marks enables it to benefit unfairly from Blackmagic's reputation and success, thereby giving GoPro's infringing products sales and commercial value they would not have otherwise.

40. Prior to GoPro's first use of the Infringing Marks, GoPro was aware of Blackmagic's business and had either actual notice and knowledge, or constructive notice of, the Blackmagic Trademark.

41. GoPro's unauthorized use of the Infringing Marks is likely, if not certain, to deceive or to cause confusion or mistake among consumers as to the origin, sponsorship, or approval of GoPro's cameras, camera and video technology, and accessories, including its Fusion camera, and/or to cause confusion or mistake as to any affiliation, connection, or association between Blackmagic and GoPro, in violation of 15 U.S.C. § 1114(a).

42. By GoPro's actions, Blackmagic has been and continues to be damaged and is entitled to monetary relief in an amount to be determined at trial.

43. Blackmagic is informed and believes, and on that basis alleges, that GoPro's infringement of the Blackmagic Trademark as described herein has been and continues to be intentional, willful, and without regard to Blackmagic's rights.

44. Blackmagic is informed and believes, and on that basis alleges, that GoPro has gained profits by virtue of its infringement of the Blackmagic

1  Trademark.

2  45.     Blackmagic will suffer and is suffering irreparable harm from GoPro's infringement of the Blackmagic Trademark insofar as Blackmagic's invaluable goodwill is being eroded by GoPro's continuing infringement.  Blackmagic has no adequate remedy at law to compensate it for the loss of business reputation, customers, market position, confusion of potential customers, and goodwill flowing from GoPro's infringing activities.  Pursuant to 15 U.S.C. § 1116, Blackmagic is entitled to an injunction against GoPro's continuing infringement of the Blackmagic Trademark.  Unless enjoined, GoPro will continue its infringing conduct.

46.     Because GoPro's actions have been committed with intent to damage Blackmagic and to confuse and deceive the public, Blackmagic is entitled to treble its actual damages or GoPro's profits, whichever is greater, and to an award of costs and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and (b).

## SECOND CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

47.     Blackmagic incorporates and realleges paragraphs 1 through 46 of this Complaint.

48.     Blackmagic has prior rights in the Blackmagic Trademark.

49.     GoPro's products have infringed the Blackmagic Trademark by using identical or similar marks to promote, market, offer, and sell its products.

50.     GoPro's use of the Infringing Marks is likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection, or association of GoPro with Blackmagic, or as to the origin, sponsorship, or approval by Blackmagic of GoPro's goods, services, or commercial activities.

51.     GoPro's use of the Infringing Marks enables it to benefit unfairly from Blackmagic's reputation and success, thereby giving GoPro's infringing products

sales and commercial value they would not have otherwise.

52. Prior to GoPro's first use of the Infringing Marks, GoPro was aware of Blackmagic's business and had either actual notice and knowledge, or constructive notice of, the Blackmagic Trademark.

53. GoPro's unauthorized use of the Infringing Marks is likely, if not certain, to deceive or to cause confusion or mistake among consumers as to the origin, sponsorship, or approval of GoPro's cameras and video technology, including its "Fusion" camera, and/or to cause confusion or mistake as to any affiliation, connection, or association between Blackmagic and GoPro.

54. Blackmagic is informed and believes, and on that basis alleges, that GoPro's infringement of the Blackmagic Trademark as described herein has been and continues to be intentional, willful, and without regard to Blackmagic's rights.

55. Blackmagic is informed and believes, and on that basis alleges, that GoPro has gained profits by virtue of its infringement of the Blackmagic Trademark.

56. Blackmagic will suffer and is suffering irreparable harm from GoPro's infringement of the Blackmagic Trademark insofar as Blackmagic's invaluable goodwill is being eroded by GoPro's continuing infringement. Blackmagic has no adequate remedy at law to compensate it for the loss of business reputation, customers, market position, confusion of potential customers, and goodwill flowing from GoPro's infringing activities. Blackmagic is entitled to an injunction against GoPro's continuing infringement of the Blackmagic Trademark. Unless enjoined, GoPro will continue its infringing conduct.

57. Because GoPro's actions have been committed with intent to damage Blackmagic and to confuse and deceive the public, Blackmagic is entitled to treble its actual damages or GoPro's profits, whichever is greater, and to an award of costs and, this being an exceptional case, reasonable attorneys' fees.

///

# THIRD CLAIM FOR RELIEF

## (Unfair Business Practices)

## (California Business & Professions Code § 17200 *et seq.*)

58. Blackmagic incorporates and realleges paragraphs 1 through 57 of this Complaint.

59. The acts of GoPro described above constitute fraudulent and unlawful business practices as defined by California Business & Professions Code § 17200 *et seq*.

60. Blackmagic has valid and protectable prior rights in the Blackmagic Trademark. The Blackmagic Trademark identifies Blackmagic as the source of its video technology. The Blackmagic Trademark is inherently distinctive, and, through Blackmagic's and its predecessors' long use, has come to be associated solely with Blackmagic as the source of the products for which it is used.

61. GoPro's use of the Infringing Marks is likely to cause confusion as to the source of GoPro's products and is likely to cause others to be confused or mistaken into believing that there is a relationship between GoPro and Blackmagic or that GoPro's products are affiliated with or sponsored by Blackmagic.

62. The above-described acts and practices by GoPro are likely to mislead or deceive the general public and therefore constitute fraudulent business practices in violation of California Business & Professions Code § 17200 *et seq*.

63. GoPro acted willfully and intentionally in naming its products, with full knowledge of Blackmagic's prior rights and/or federal rights in the distinctive Blackmagic Trademark and with an intent to cause confusion or mistake or to deceive customers into believing that there is an affiliation between GoPro and Blackmagic or between GoPro's products and Blackmagic's products.

64. The unlawful and fraudulent business practices of GoPro described above present a continuing threat to, and is meant to deceive members of, the public in that GoPro continues to promote its products by wrongfully trading on the

goodwill of the Blackmagic Trademark.

65. As a direct and proximate result of these acts, GoPro has received, and will continue to profit from, the strength of the Blackmagic Trademark.

66. As a direct and proximate result of GoPro's wrongful acts, Blackmagic has been injured in fact and has lost money and profits, and such harm will continue unless GoPro's acts are enjoined by the Court. Blackmagic has no adequate remedy at law for GoPro's continuing violation of Blackmagic's rights.

67. GoPro should be required to restore to Blackmagic any and all profits earned as a result of its unlawful and fraudulent action, or provide Blackmagic with any other restitutionary relief as the Court deems appropriate.

## FOURTH CLAIM FOR RELIEF

**(Federal Unfair Competition & False Designation of Origin)**

**(15 U.S.C. § 1125(a))**

68. Blackmagic incorporates and realleges paragraphs 1 through 67 of this Complaint.

69. GoPro's use in commerce of the Infringing Marks, which are identical and/or confusingly similar to the Blackmagic Trademark, constitutes false designation of origin and misleading representations of fact that are likely to cause confusion, mistake, and/or deceive consumers as to the affiliation, connection, or association with Blackmagic and/or its goods and services, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

70. Blackmagic is informed and believes, and on that basis alleges, that GoPro acted with the intent to unfairly compete against Blackmagic by trading on Blackmagic's reputation and goodwill thereby causing confusion and mistake among consumers and the public, and deceiving the public into believing that GoPro's goods and/or services are associated with, sponsored by, or approved by Blackmagic, when they are not.

71. Blackmagic is informed and believes, and on that basis alleges, that

GoPro had actual knowledge of Blackmagic's ownership and prior use of the Blackmagic Trademark as well as the federal trademark registration and without Blackmagic's consent has willfully committed acts of unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a).

72. Blackmagic is informed and believes, and on that basis alleges, that GoPro has derived and received, and will continue to derive and receive, gains, profits, and advantages from GoPro's false designation of origin, false or misleading statements and descriptions of fact, and/or false or misleading representations of fact in an amount that is not presently known to Blackmagic.

73. By GoPro's actions constituting false designation of origin, false or misleading statements, false or misleading descriptions of fact, false or misleading representations of fact, and/or unfair competition, Blackmagic has been and continues to be damaged and is entitled to monetary relief in an amount to be determined at trial.

74. GoPro's actions constituting false designation of origin, false or misleading statements, false or misleading description of fact, false or misleading representations of fact, and/or unfair competition have caused and are causing Blackmagic irreparable harm for which Blackmagic has no adequate remedy at law.

75. As a direct and proximate result of GoPro's activities, Blackmagic has suffered damages and, unless GoPro is enjoined, Blackmagic will continue to suffer monetary loss and irreparable injury to its business, reputation, and goodwill.

76. On information and belief, Blackmagic alleges that GoPro's unfair competition as alleged herein is an exceptional case and intentional. Accordingly, Blackmagic is entitled to an award of GoPro's profits, Blackmagic's damages, costs and attorneys' fees, pursuant to 15 U.S.C. § 1117(a) and as otherwise provided by law.

/ / /

/ / /

## FIFTH CLAIM FOR RELIEF

## (Unjust Enrichment)

77. Blackmagic incorporates and realleges paragraphs 1 through 76 of this Complaint.

78. As a result of the conduct alleged herein, GoPro has been unjustly enriched to Blackmagic's detriment. Blackmagic seeks a worldwide accounting and disgorgement of all ill-gotten gains and profits resulting from GoPro's inequitable activities.

## PRAYER FOR RELIEF

WHEREFORE, Blackmagic prays for the following relief:

1. A judgment that the Blackmagic Trademark is valid and GoPro has willfully infringed the Blackmagic Trademark in violation of 15 U.S.C. § 1114 *et seq.*;

2. A judgment that GoPro has violated 15 U.S.C. § 1125(a);

3. A judgment that GoPro has willfully infringed Blackmagic's common law trademark rights;

4. A judgment that GoPro has committed acts that constitute fraudulent and unlawful business practices under California Business & Professions Code § 17200 *et seq.*;

5. A judgment that GoPro has been unjustly enriched by its unlawful conduct committed against Blackmagic;

6. Pursuant to 15 U.S.C. § 1116, an order preliminarily and permanently enjoining GoPro, its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and its parents, subsidiaries, divisions, successors, and assigns, from directly or indirectly infringing the Blackmagic Trademark, or using any other product or packaging design or designations similar to or likely to cause confusion with the Blackmagic Trademark; from passing off GoPro's products as being associated with and/or

sponsored and/or affiliated with Blackmagic; from committing any other unfair business practices directed toward obtaining for itself the business and customers of Blackmagic; and from committing any other unfair business practices directed toward devaluing or diminishing the brand or business of Blackmagic;

7. An order that GoPro be directed to file with this Court and serve on Blackmagic within thirty (30) days after the service of the injunction, a report, in writing and under oath, setting forth in detail the manner and form in which GoPro has complied with the injunction pursuant to 15 U.S.C. § 1116;

8. A judgment awarding Blackmagic actual damages suffered by Blackmagic as a result of GoPro's unlawful conduct, in an amount to be proven at trial, as well as prejudgment and postjudgment interest as authorized by law;

9. An accounting of GoPro's profits pursuant to 15 U.S.C. § 1117;

10. Reasonable funds for corrective advertising;

11. A judgment decreeing this case an "exceptional case" and trebling any damages award and awarding reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

12. Punitive damages pursuant to California Civil Code § 3294;

13. Restitutionary relief against GoPro and in favor of Blackmagic, including disgorgement of wrongfully obtained profits and any other appropriate relief;

14. Costs of suit; and

15. Any other remedy to which Blackmagic may be entitled, including all remedies provided for in 15 U.S.C. § 1117; Cal. Bus. & Prof. Code §§ 17200 *et seq.*; under any other California law; and such further relief as the Court deems just and proper.

///

///

///

Dated: September 26, 2018

MANATT, PHELPS & PHILLIPS, LLP
Robert D. Becker
Yuri Mikulka
Caleb Bean

By: /s/ Yuri Mikulka
Yuri Mikulka
Attorneys for Plaintiffs
Blackmagic Design Pty. Ltd.;
Blackmagic Design Technology Inc.;
and Blackmagic Design Inc.

# **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Blackmagic hereby demands a jury trial as to all issues triable to a jury.

Dated: September 26, 2018        MANATT, PHELPS & PHILLIPS, LLP

By: /s/ Yuri Mikulka
Yuri Mikulka
Robert D. Becker
Caleb Bean
Attorneys for Plaintiffs
Blackmagic Design Pty. Ltd.;
Blackmagic Design Technology Inc.;
and Blackmagic Design Inc.

320531730.1